IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**JEFFREY HARVEY, #111284**                                                   **PETITIONER**

**v.**                                                                         **No.. 2:08CV31-P-A**

**LAWRENCE KELLY, ET AL.**                                                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jeffrey Harvey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

Jeffrey Harvey is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Harvey pled guilty charges in Tate County in Cause No. 2004-29-BT (two counts of uttering forgery) on April 15, 2005. S.C.R., Vol. 1, pg. 8 (Cause No. 2006-CP-553-COA).[1] That same day, Harvey was sentenced, as a habitual offender under MISS. CODE ANN. § 99-19-81, to serve a term of seven years in the custody of the Mississippi Department of Corrections ("MDOC") with three years of post-release supervision on both counts. The sentences on each count run concurrently with each other – and concurrently with the DeSoto County charges. S.C.R., Vol. 1, pp. 13-20

---

[1] On appeal, Harvey's two cases were consolidated into one file. As such, the only way to differentiate between the records of the two cases is by their appellate cause numbers (Tate County - 2006-CP-553-COA, DeSoto County - 2006-CP-585-COA). Therefore, for the sake of clarity, all references to the State Court Record will include the applicable appellate cause number.

(Cause No. 2006-CP-553-COA). Also on April 15, 2005, Harvey pled guilty to the DeSoto County charges in Cause No. CR2004-250-BD (two counts of uttering forgery). S.C.R., Vol. 1, pg. 80 (Cause No. 2006-CP-585-COA). In the DeSoto County case, Harvey was sentenced, as a habitual offender under MISS. CODE ANN. § 99-19-81, to serve a term of seven years in the custody of MDOC with three years of post-release supervision. The sentences on each charge run concurrently with each other – as well as with the Tate County charges. S.C.R., Vol. 1, pp. 85-92 (Cause No. 2006-CP-585-COA).

Harvey did not file a direct appeal. Instead, he filed petitions for post-conviction collateral relief ("PCR") in the Circuit Courts of both DeSoto and Tate Counties,[2] raising the following identical grounds for relief (as stated by Harvey in his "Concise Statement of the Claim and Ground Upon Which this Motion is Based" in each petition):

1. <u>Petitioner was denied due process law - provision of Miss. Code Ann. 99-19-81</u> were not followed. Causing one Petitioner to be sentenced as 99-19-81 offender without being established as 99-19-81 offender.

2. <u>Petitioner - was denied due Process Law</u> - State entered certified copies of Tennessee Pen Pack marked Exh. 1 into evidence as 041505 B.D. Tennessee Pen Pack contained 1 (one) conviction. Miss. Code Ann. 99-19-81 Language is clear. Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or Federal crime upon charges separately brought and arising out of separate incidents at different time and who shall have been sentence to separate terms of 1 yrs. Or more in any State shall be sentence to the maximum term of imprisonment prescribed for such felony. <u>See Exhibit "C"</u>.

3. <u>Petitioner was denied due Process Law</u> - Without basis or conducting a hearing the court determined the evidence offered by the state showed beyond a reasonable doubt that Petitioner had been convicted at least two felonies prior to this charge. The court stated those chargers have been separately brought. They arose out of separated incidents, at different

---

[2] *See* MISS. CODE ANN. §99-39-7.

> times and Petitioner has been sentence to terms of one year or more in this state or Federal Institution. This determination was without merit.

4. <u>Petitioner was denied due process of law</u> - state simply entered certified copies of Tennessee pen pack into evidence as Exh. 1 simply entering documents into evidence not stating convictions is insufficient to prove prior convictions to establish petition as 99-19-81 offender.

5. <u>Petitioner was denied due Process of Law</u> - court sentenced petitioner to a term of 10 yrs, 7 yrs to serve, 3 yrs post release supervision, state was allowed at closing of sentencing hearing to include 99-19-81 provisions after sentenced had already been imposed. With out establishing beyond a reasonable doubt that petitioner had twice been convicted on separate felonies arising out of different convictions and sentenced to 1 year or more on separate occasions.

6. <u>Petitioner was denied due Process of Law</u>. The court accepted Petitioner Plea of guilty of two courts uttering Forgery Tate County Miss. two counts uttering Forgery Desoto County Miss. The court accepted guilty plea as to uttering Forgery not uttering forgery as a 99-18-81 offender.

7. Petitioner Jeffery Harvey based on information provided should be resentenced to a term which would encompass the amount of time which would be require to be served under eighty-five percent rule before release.

On March 20, 2006, both the Tate and DeSoto County Circuit Courts entered substantially identical orders denying Harvey's PCRs. S.C.R., Vol. 1, pp. 107- 110 (Cause No. 2006-CP-553-COA) and S.C.R., Vol. 1, pp. 64-67 (Cause No. 2006-CP-585-COA). In those orders, the trial courts summarily dismissed Harvey's PCRs pursuant to MISS. CODE ANN. § 99-39-11(2), holding in pertinent part:

> In considering the entire court file in this cause [CR2004-250-BD] and cause number CR2004-29BT,[3] which include, inter alia, Harvey's PCR pleadings, annexed exhibits, all records, correspondence, and transcripts of hearings, and also considering all prior proceedings had and conducted in the criminal cause,

---

[3] The order of the cause numbers of the DeSoto and Tate County cases is the only difference between the two orders.

> the Court concludes that it appears beyond doubt that Harvey can prove no set of facts in support of his claims which would entitle him to relief. Accordingly Harvey's PCR motion will be dismissed.

S.C.R., Vol. 1, pg. 109 (Cause No. 2006-CP-553-COA), substantially similar quote can also be found at S.C.R., Vol. 1, pg. 66 (Cause No. 2006-CP-585-COA).

Aggrieved of this decision, Harvey appealed the trial court's denial of his PCR to the Mississippi Supreme Court, where the causes were consolidated, citing as grounds for relief (as stated by Petitioner in his "Statement of the Issues"):

1. Did the lower court error in finding Appellant to be a Miss. Code Ann. 99-19-81 offender without the proof of the 2 prior convictions, seperately brought arising out of 2 different incidents and sentenced to 1 yr or more on each conviction in a State or Federal prison, as required under Miss. Code Ann. 99-19-81 provisions. The State did not prove the indictment as for Appellant being a MS. Code Ann. 99-19-81 offender?

2. Did the State fail to prove that the Appellant two prior felony offenses arose out of separate incidents for the purpose of habitual offender status? Where the record is silent.

3. Did the State fail to prove that Appellant had been sentenced to 1 yr. or more in a State or Federal prison on each of the prior convictions as required under MS. Code Ann. 99-19-81 provisions? Where the record is silent.

4. Where the case presents a pure question of law no facts being disputable, this Court of Appeals should reverse and order Appellant to be sentenced as a non-Miss. Code Ann. 99-19-81 offender.

The Mississippi Court of Appeals affirmed both the Tate and DeSoto County Circuit Courts' denial of Harvey's PCRs. *Harvey v. State*, 973 So.2d 251 (Miss. App. 2007), *reh'g. denied* November 20, 2007 (Cause Nos. 2006-CP-553-COA and 2006-CP-585-COA). Harvey then sought a writ of *certiorari* in the Mississippi Supreme Court, which was denied on January 15, 2008.

In the instant petition, Harvey raises the following grounds for relief (verbatim as stated by Petitioner):[4]

> Ground One: Violation of United States Constitution Amendment V deprive of life + liberty without due process of law. Mississippi Court of Appeal considered self-authenticating documents clearly not labeled or marked as an exhibit to sentencing proceedings of petitioner. Such consideration enhanced Petitioner's sentence from the 85% rule to the 100% rule without due process of law. The evidence considered: unasserted pen packs from the federal bureau of prison and from the Illinois Department of Corrections.
>
> Ground Two: Violation United States Constitution Amendment VI Confrontation Clause. Mississippi Court of Appeals considered documents clearly not labeled or marked as an exhibit to the sentencing proceeding of Petitioner. The Court of Appeal considered self-authenticating pen packs from the Federal Bureau of Prisons and the Illinois Department of Corrections which are clearly not labeled as Exhibits to proceeding. Such consideration violates the 6th Amendment right of the United States Constitution to confront the maker of these documents which are not an exception to hearsay.

**Ground Two – Procedural Default**

Harvey failed to raise the claim contained in Ground Two of his petition in either of his motions for post-conviction relief in the trial courts – or in his appeal of the denial of those post-conviction motions. As such, Harvey forfeited his right to have the Mississippi Supreme Court consider the claim. As Harvey has failed to present this claim to the state's highest court, the claim is procedurally barred from federal *habeas corpus* review. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "If a petitioner

---

[4] In the interest of clarity, the court has reproduced both the information given under "Ground One" and "Supporting Facts" for both of Harvey's claims.

fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Harvey has thus defaulted his claim in Ground Two of the instant petition, and the court cannot now review the claim.

No external impediment prevented Harvey from raising the claim in Ground Two. As such, Harvey cannot show the "cause" necessary for the court to reach the merits of the claim despite the procedural bar under the "cause and prejudice" test. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Absent a showing of "cause," the court need not consider whether Harvey suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

In addition, Harvey has not supported his allegations with new, reliable evidence that was not presented at trial – and shown that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Indeed, he has not even alleged that he is actually innocent of the charges; instead, he has argued that the evidence presented to prove that he should have been convicted as a habitual offender was not authenticated. For this reason, Harvey cannot rely upon the fundamental miscarriage of justice exception to the court's use of procedural bar. Therefore, the petitioner's claims in Ground Two shall be dismissed as procedurally defaulted.

**Issues Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus*

review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be

-7-

*objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground One of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Ground One may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move his claims in Ground One beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ground One – Erroneous Use of Evidence Not Introduced at Sentencing to Sentence the Petitioner as a Habitual Offender

In Ground One, Harvey argues that, in reaching its decision on appeal, the Mississippi Court of Appeals should not have considered the "pen packs" from the Federal Bureau of Prisons or the Illinois Department of Corrections because these items were not included in the State's "Exhibit 1" introduced at the sentencing hearing. According to Harvey, "Exhibit 1" consisted only of the Tennessee "pen pack," and, as such, his sentencing as a habitual offender violated his rights to due process.

The issue Harvey raises in Ground One is one of state law. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief; no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). Federal courts "do not

sit as a super state supreme court on a *habeas corpus* proceeding to review error under state law." *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982). Harvey complains that the trial court incorrectly sentenced him as a habitual offender – an issue of the application of state law. As such, the alleged violation of state rules is not a cognizable ground for *habeas corpus* relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). Thus, the petitioner's claim in Ground One shall be dismissed for this reason.

In addition, however, the record does not support Harvey's contention that "Exhibit 1" consisted of only the Tennessee "pen packs." The Mississippi Court of Appeals acknowledged this fact in its opinion:

> Included in the appellate record of Harvey's *DeSoto County* conviction and labeled "Exhibit 1" is a copy of the Tennessee pen pack without the other pen packs attached. However, the appellate record of Harvey's *Tate County* conviction includes a copy of all the pen-packs labeled "Exhibit 1."[5] The transcript of Harvey's single plea hearing on both convictions indicates that only one exhibit, "Exhibit 1," was admitted during the sentencing phase. Before

---

[5] A copy of "Exhibit 1" is no longer contained in either of Harvey's appellate records as they exist in the Mississippi Supreme Court Clerk's Office. It appears that the appellate court returned the original exhibit to the circuit court under M.R.A.P. 12. However, the appellate record of the Tate County case clearly indicates that a copy of the entire "Exhibit 1" (60 pages) was transmitted to the Mississippi Supreme Court prior to the appellate decision. S.C.R., Vol. 1, pg. 123 (Cause No.2006-CP-553-COA). Moreover, counsel for the state contacted the Tate County Circuit Court Clerk's Office and verified that "Exhibit 1," as contained in Harvey's file in the Tate County Circuit Court (No. CR-2004-29-BT), includes the pen packs from Tennessee, Illinois, and the Federal Bureau of Prisons. The state included the contents of "Exhibit 1" in its response to Harvey's petition for a writ of *habeas corpus*.

> Exhibit 1 was received into evidence, the State acknowledged that some of the
> dates of conviction shown by the pen packs varied from those charged in the
> indictments and moved to amend the indictments. The court granted the motion
> to amend the indictments as to form to correct the errors. It is manifest from the
> plea hearing transcript and Tate County's record of "Exhibit 1" that the
> Tennessee, federal, and Illinois pen packs were admitted into evidence against
> Harvey collectively as "Exhibit 1" and were considered by the circuit court in
> finding Harvey was a habitual offender. The pen packs revealed multiple
> convictions with over one-year sentences upon charges separately brought and
> arising out of separate incidents at different times. This proof was more than
> sufficient to establish Harvey as a habitual offender. Miss. Code Ann. §99-19-81.
> Judge Baker did not err in summarily dismissing Harvey's PCRs.

*Harvey v. State*, 973 So.2d at 254 (emphasis added). The trial court thus properly sentenced Harvey as a habitual offender under MISS. CODE ANN. § 99-19-81. Hence, the Mississippi Court of Appeals' decision affirming the denial of Harvey's motions for post-conviction relief was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, this decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, the petitioner's request in Ground One for *habeas corpus* relief shall be denied.

In sum, the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of April, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE